UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00334-FDW-DLH

| | |
|---|---|
| GREGORY V. ANDERSON, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ) | |
| CELLCO PARTNERSHIP D/B/A ) | |
| VERIZON WIRELESS ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** is before the Court upon Plaintiff's Motion for Certification of Interlocutory Appeal and to Stay Proceedings. (Doc. No. 48). As explained below, Plaintiff's Motion is **DENIED**.

In 2009, Plaintiff filed for bankruptcy in the Western District of North Carolina. On June 1, 2013, Plaintiff brought this civil action in district court asserting various causes of action relating to Defendant's alleged violation of the automatic stay imposed by 11 U.S.C. § 362. (Doc. No. 1). On February 6, 2014, the Court referred this case to the Bankruptcy Court pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157 so that it could be consolidated with Plaintiff's bankruptcy case numbered 09-33431, and closed Plaintiff's civil action. (Doc. Nos. 38, 39).

Following consolidation of the cases, the Bankruptcy Court entered a Consent Order submitting Plaintiff's claims regarding the alleged violations of 11 U.S.C. § 362 to arbitration. (Doc. No. 43-2). The arbitrator's opinion and award, dated November 20, 2015, concluded that Plaintiff shall have and recover nothing from Defendant by virtue of the claims asserted by Plaintiff (i.e. the claims asserted in Plaintiff's district court complaint). (Doc. No. 40-2). On

February 10, 2016, Plaintiff moved the Court to set aside the arbitrator's award. In light of its prior referral Order, the Bankruptcy Court's Order submitting the matter to arbitration, and the ongoing pendency of Plaintiff's bankruptcy case, the Court referred Plaintiff's Motion to set aside to the Bankruptcy Court. (Doc. No. 46).

Plaintiff next moved the Court to withdraw its bankruptcy referral. (Doc. No. 47). On March 10, 2016, the Court denied Plaintiff's Motion to withdraw the referral. (Doc. No. 47, text only Order). Plaintiff now seeks certification to appeal that Order.

Given that the Court has already ruled that it has subject matter jurisdiction over this case and that the referral to Bankruptcy Court is appropriate, it need not address Plaintiff's latest rehash of his jurisdictional argument nor his misplaced reliance on <u>New Horizon of N.Y. v. Jacobs</u>, 231 F.3d 143 (4th Cir. 2000). Contrary to Plaintiff's assertions in the pending motion that 28 U.S.C. § 1292 requires that the Court certify this case for interlocutory appeal, the Fourth Circuit excludes motions to withdraw bankruptcy referrals and motions to stay from the § 1292 exceptions. Indeed, the Fourth Circuit has repeatedly dismissed appeals from district court orders denying motions to withdraw referrals to bankruptcy courts. See <u>In re Frees</u>, 1996 WL 90451 (4th Cir. 1996) (per curiam) (dismissing appeal from district court order denying motion for stay and motion to withdraw reference to the bankruptcy court for lack of jurisdiction); <u>In re Fortescue v. King</u>, 1997 WL 407755 (4th Cir. 1997) (per curiam) (dismissing appeal from district court order denying motion to withdraw reference to the bankruptcy court for lack of jurisdiction). In <u>Frees</u> and <u>Fortescue</u>, supra, the Fourth Circuit explicitly stated that orders denying motions to withdraw bankruptcy referrals and stays of bankruptcy-related civil actions are neither final orders, nor are they appealable interlocutory or collateral orders. Accordingly, the Fourth Circuit lacks jurisdiction over such appeals.

2

While the Court notes that these decisions are unpublished and, therefore, not intended to be binding precedent, Plaintiff's Motion makes no mention of them whatsoever—even if only to attempt to distinguish them. Given that the Court spent no more than five minutes researching the issue before discovering these two on-point decisions, the Court finds it hard to believe counsel is ignorant of their existence. Despite this, Plaintiff moves the Court to grant him the very relief in the precise situation that the Fourth Circuit has repeatedly and unambiguously rejected.[1]

IT IS, THEREFORE, ORDERED that Plaintiff's Motion to Certify Interlocutory Appeal and to Stay Proceedings is **DENIED**.

**IT IS SO ORDERED.**

Signed: March 18, 2016

Frank D. Whitney
Chief United States District Judge

---

[1] Counsel is reminded of his duty of candor to the court.