UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00334-FDW-DLH

| | |
|---|---|
| GREGORY V. ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| CELLCO PARTNERSHIP D/B/A ) | |
| VERIZON WIRELESS ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court upon Plaintiff's Motion for Reconsideration, (Doc. No. 51), of the Court's prior Order on Plaintiff's Motion for Certificate of Appealability (Doc. No. 50). Plaintiff's Motion for Reconsideration is **DENIED**.

The question of whether the Fourth Circuit has jurisdiction to hear an interlocutory appeal of a district court order denying a motion to withdraw a bankruptcy referral is no way "recondite." (Doc. No. 47-1, p. 1). To the contrary, and as Plaintiff eventually acknowledges (Doc. No. 51-2, pp. 1-2), the Fourth Circuit has spoken consistently and clearly on the matter. See In re Frees, 1996 WL 90451 (4th Cir. 1996) (per curiam); In re Fortescue v. King, 1997 WL 407755 (4th Cir. 1997) (per curiam); Van Wagner v. Branch Banking & Trust Co., 444 Fed. App'x. 665 (4th Cir. 2011) (per curiam). The Order Plaintiff seeks to appeal is neither a final order nor an appealable interlocutory or collateral order. In re Frees, 1996 WL 90451; In re Fortescue, 1997 WL 40775; Van Wagner, 444 Fed. App'x. at 1.

1

Plaintiff's tortured analysis of U.S. v. Modanlo[1] and Cobra Natural Res., LLC v. Fed. Mine Safety & Health Review Comm'n[2] leaves the Court unpersuaded that the Fourth Circuit has altered its position on the absence of interlocutory appellate jurisdiction over the denial of motions to withdraw bankruptcy referrals. In fact, Plaintiff's reasoning in support of his most recent motion falls apart upon consideration of his very first point: that is, "refer[ral of] the case to bankruptcy conclusively determined the question of whether the case would be heard in district court." (Doc. No. 51-1, p.3). In deciding to refer Plaintiff's Motion to Set Aside (Doc. No. 40), filed on a *closed* civil docket, under its prior referral Order (Doc. Nos. 38, 39), the Court found that Plaintiff's alleged violation of 11 U.S.C. § 362 "arises under" the Bankruptcy Code, "arises in" a bankruptcy case[3] filed by Plaintiff, and is 'related to" that bankruptcy case. District courts may refer any or all such proceedings to the bankruptcy judges of their district. 11 U.S.C. § 157(a).

However, the manner in which a bankruptcy judge may act on a referred matter depends on the type of proceeding involved. Stern v. Marshall, 131 S. Ct. 2594, 2603 (2011). Bankruptcy judges may hear and enter final judgments only in "core proceedings arising under title 11, or arising in a case under title 11." § 157(b)(1). Parties may appeal final judgments of a bankruptcy court in core proceedings to the district court, which reviews them under traditional appellate standards. See § 158(a); Fed. Rule Bkrtcy. Proc. 8013. When a bankruptcy judge determines that a referred "proceeding ... is not a core proceeding but ... is otherwise related to a case under title 11," the judge may only "submit proposed findings of fact and conclusions of law to the district court." § 157(c)(1). It is the district court that enters final judgment in such cases after reviewing

---

[1] U.S. v. Modanlo is a criminal case in which the issue before the Fourth Circuit was whether a district court possessed the authority to continue the trial after midtrial appeals were taken. 762 F.3d 403, 409 (4th Cir. 2014).
[2] 742 F.3d 82 (4th Cir. 2014).
[3] Bankruptcy Case No. 09-33431.

2

de novo any matter to which a party objects. Id.

In sum, regardless of whether the bankruptcy court finds—following referral—that Plaintiff's claims are "core" matters or not, Plaintiff would have recourse to district court review—de novo or otherwise. Thus, Plaintiff's insinuation that the bankruptcy referral prevents the Article III adjudication of his private rights is flatly wrong. This discussion is, however, largely an academic exercise. Plaintiff's "suggestions" are unsupported by the law of this district and this Circuit. (Doc. No. 51-1, pp. 2-3). The Court need not indulge them further. What remains is the fact that no right to immediately appeal the Court's prior Orders exists.

Further, Plaintiff is cautioned that the Bankruptcy Court is the proper forum for adjudicating the present disputes. No further motions or filings in this matter shall be allowed until the Bankruptcy Court determines which, if any, of the issues before it are "core" and takes appropriate action upon that determination. **Failure to comply with the Court's instructions may result in sanctions and/or dismissal of the complaint**.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Reconsider (Doc. No. 51) is, therefore, **DENIED**.

**IT IS FURTHER ORDERED** that no further filings be made on this closed civil docket until, at the earliest, the Bankruptcy Court resolves the issues that remain pending before it in this matter.

**IT IS SO ORDERED**.

Signed: April 13, 2016

Frank D. Whitney
Chief United States District Judge